IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER J. JENSEN, | § | |
| TDCJ #512096, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3551 |
| | § | |
| WARDEN STAPLES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Peter J. Jensen (TDCJ #512096), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Jensen has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement. Jensen, who proceeds *pro se* and *in forma pauperis*, has filed several supplements to his complaint, including a more definite statement of his claims. The defendants have filed a joint motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 26). Jensen has filed more than one response, along with a request for appointed counsel. (Docket Nos. 27-37). After considering all of the pleadings, the motion, and the applicable law, the Court grants the defendants' motion and dismisses this case for reasons set forth briefly below.

## I.      BACKGROUND

Jensen is currently in custody at the Vance Unit in Richmond (Fort Bend County), Texas.[1] Jensen sues Warden Staples and Major Rice, who are employed by TDCJ at the Pack I Unit in Navasota, where Jensen was formerly assigned from October of 2007 through July 17, 2009.[2] Jensen's claims appear to stem from his classification at the Pack I Unit. As summarized below, Jensen also complains of harassment, mail tampering, loss or destruction of personal property, and restrictions imposed on his visitation privileges.

Jensen contends that, when he arrived at the Pack I Unit in 2007, he was denied classification status as an outside trustee and placed in the general population by Warden Staples in retaliation for something that happened at the Ellis Unit when Jensen was assigned there previously in 1999. Jensen complains that other officers who worked for Warden Staples made false allegations against him and his wife, who was formerly married to another inmate at the Pack I Unit. Jensen and his wife were accused of "causing trouble between other inmates." In addition, Jensen claims that his wife was

---

[1]     Public records reflect that Jensen is presently in custody as the result of several felony convictions. In 1989, Jensen received a thirty-year sentence for burglary of a habitation in Clay County cause number 88070045C-CR. Jensen also received a thirty-year prison sentence for escape in Clay County cause number 8811080C-CR. In 1992, Jensen was convicted of burglary of a habitation in Carson County cause number 2469, Potter County cause number 31537, and Randall County cause number 7995. As a result, Jensen received a prison sentence of twenty years in the Carson County case, and terms of twenty-five years in the cases from Potter and Randall Counties. In 2006, Jensen was convicted of theft and sentenced to an additional ten years' imprisonment in McLennan County cause number 2006-1017.

[2]     Jensen explains that, on July 17, 2009, Jensen was transferred to the Eastham Unit, which is located in Lovelady (Houston County), Texas. (Docket No. 20, at ¶¶ 4-5). On October 29, 2009, Jensen was assigned to the Vance Unit, where he currently resides. (*Id.*).

falsely accused of trying to send him "nude photos."  As a result of these false allegations, Jensen claims that he was placed in administrative segregation for two weeks and his visitation privileges were curtailed.

Jensen claims further that prison officials interfered with mail from his wife. Jensen complains that items of his personal property were taken from his cell and lost or destroyed.  Jensen accuses Warden Staples of harassment and retaliation.  Jensen adds that Major Rice, who works for Warden Staples, has also engaged in harassment by yelling at him, calling Jensen and his wife "a bunch of names," searching his cell, and interfering with Jensen's visitation privileges.

Jensen seeks monetary damages, a declaratory judgment, and injunctive relief in the form of placement in "protective custody."  The defendants have filed a motion to dismiss the complaint for failure to state a claim, noting that the allegations raised by Jensen have been litigated and resolved against him in two other cases filed in federal district court.  The defendants maintain further that the complaint fails as a matter of law. The parties' contentions are discussed below under the governing standard of review.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to

state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

In this instance, the defendants have filed a motion to dismiss the complaint for failure to state a claim. A review for failure to state a claim for purposes of the PLRA is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)],

4

and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

III.   <u>DISCUSSION</u>

A.   **Duplicative Claims**

The defendants note that the claims raised by Jensen have been litigated previously and resolved against him.   Court records confirm that Jensen's claims concerning his confinement at the Pack I Unit have been rejected in two other cases filed in this district.   *See Jensen v. Warden Staples, et al.*, H-08-0866 (S.D. Tex.) and *Jensen v. Warden Staples, et al.*, Civil No. H-08-2596 (S.D. Tex.)   In those cases, Jensen raised the same allegations about harassment, interference with his mail, and denial of visitation privileges with his then-girlfriend (Evelyn Shire), who is now his wife (Evelyn Jensen). According to the pleadings, Jensen had become romantically involved with Miss Shire, which caused trouble at the Pack I Unit, because she was still married to another inmate at that facility.   Jensen complained that Warden Staples retaliated against him, destroyed his personal property, and filed a false disciplinary action against him, which resulted in his placement in administrative segregation.

A review of the pleadings submitted by Jensen shows that presents or attempts to present the same or similar allegations that have been raised and rejected already in the above-referenced cases. A complaint is "malicious" if it duplicates allegations made in another federal lawsuit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). The claims raised by Jensen clearly mimic those raised previously in other civil actions brought within this district. Accordingly, Jensen's complaint is arguably subject to dismissal as duplicative and malicious.

In addition, as the defendants maintain, the cases filed previously by Jensen against Warden Staples and Major Rice were dismissed "with prejudice." Because Jensen makes substantially identical claims in this case, his complaint fails as a matter of law under the doctrine of *res judicata* because his exact claims have been raised previously against the same parties and those claims have been rejected in a final judgment on the merits.

The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000); *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994). The rule of *res judicata* encompasses two separate but related preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion. *Test Masters Educ. Svc., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted), *cert. denied*, 126 S. Ct. 1662 (2006). "Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier

6

suit." *Id.*  A prior judgment is given *res judicata* effect if the following four elements are present: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  *Id.* (citation omitted).  "Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision."  *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272,  290 (5th Cir.) (citing *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999)), *cert. denied*, 126 S. Ct. 416 (2005).

Jensen's complaint against Warden Staples and Major Rice repeats the same allegations of harassment, retaliation, mail tampering, loss of personal property, and false disciplinary treatment stemming from his confinement at the Pack I Unit.  The Court concludes, therefore, that the claims and issues in this case are barred by the doctrine of *res judicata*.  Therefore, Jensen's complaint is subject to dismissal as lacking an arguable basis in law (*i.e.*, his complaint is legally frivolous).  Alternatively, assuming that the claims are not barred as duplicative, the defendants argue that the complaint fails for other reasons set forth below.

### B.     Official Immunity

Both of the defendants are employed by TDCJ, which is a state agency.  As employees of the State of Texas, the defendants argue that the Eleventh Amendment to the United States Constitution bars any claim for monetary relief against them in their

official capacity.[3]   Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Vogt v. Board of Comm'rs, Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002).   A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.  *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (per curiam); *see also United States v. Texas Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999).

Unless expressly waived, the Eleventh Amendment bars an action in federal court by, *inter alia*, a citizen of a state against his or her own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).  As instrumentalities of the state, TDCJ is immune from a suit for money damages under the Eleventh Amendment.  *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  It is also settled that the Eleventh Amendment bars a recovery of money damages under § 1983 from state employees in their official capacity.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

In this case, Jensen sues the defendants for actions taken during the course of their employment with the State of Texas.  To the extent that Jensen seeks monetary damages

---

[3]      The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

in this case, the Eleventh Amendment bars his claims against the defendants as state employees.  It follows that the defendants are entitled to immunity under the Eleventh Amendment from Jensen's claims for money damages against them in their official capacity.

A narrow exception to Eleventh Amendment immunity exists for suits brought against individuals in their official capacity, as agents of the state or a state entity, where the relief sought is injunctive in nature and prospective in effect.  *See Aguilar*, 160 F.3d at 1054 (citing *Ex parte Young*, 209 U.S. 123 (1980)).  Jensen apparently seeks injunctive relief in this case. However, because Jensen is no longer incarcerated at the Pack I Unit, where the defendants are employed and his claims accrued, Jensen's request for injunctive relief is moot.  *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Accordingly, this exception does not apply.  Because Jensen does not state a valid claim for monetary damages or injunctive relief for purposes of the Eleventh Amendment, these claims must be dismissed.

### C.    Personal Involvement

The defendants argue further that the complaint fails to state a claim because the vague allegations do not demonstrate the requisite personal involvement with a constitutional violation.  Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct.  *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).  In order to successfully plead a cause of

action in § 1983 cases, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). A review of the allegations by Jensen shows that he fails to articulate the requisite personal involvement with a constitutional violation in this instance.

Jensen complains that Warden Staples participated on the unit classification committee that denied him trustee status.  Jensen appears to claim that Warden Staples engaged in defamation or slander during the proceeding by denying him trustee status based on Jensen's involvement with an incident that occurred in 1999 at the Ellis Unit. The Fifth Circuit has recognized that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification decision is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992)).   Thus, Jensen's allegation that he was unfairly denied a trustee status, standing alone, is not sufficient to state a claim.

In addition to vague allegations of defamation, slander, and libel, Jensen complains further that Warden Staples made false allegations about Jensen's wife.  Jensen complains further that Major Rice called his wife a "bunch of names" and searched his cell.  As a result, Jensen reports that items of his personal property were lost or destroyed and he was denied visitation privileges with his wife at the Pack I Unit.  None of these allegations give rise to a constitutional violation.

Defamation is a tort under Texas law.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (reciting the elements of a defamation claim under Texas law).  It is well established that there is no constitutional right to be free from defamation or slander.  *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause).  Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States.  *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing an inmate's defamation claim against jail guards because, even if his allegations were true, he only alleged harm to his reputation, which is not protected by the Constitution) (citing *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) (citation omitted)). To the extent that Jensen contends that he was somehow defamed by Warden Staples or Major Rice, these allegations fail to state a claim under 42 U.S.C. § 1983.

The "name calling" alleged by Jensen likewise does not state a claim.  However offensive a correctional officer's words may be, it is well established that verbal insults or

epithets in the prison context do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983)); *Bender v. Brumley*, 1 F.3d 271, 274 n.1 (5th Cir. 1993); *Spicer v. Collins*, 9 F.Supp.2d 673, 683 (E.D. Tex. 1998) (citations omitted).

Jensen does not articulate a violation in connection with the alleged search of his cell. The United States Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527 (1984). To the extent that Jensen complains generally about the loss or destruction of personal property, it is well established that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923

12

S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007,

501.008.  Thus, Jensen's allegation that items of personal property were lost or destroyed

in an unauthorized manner fails to state a claim.  *See Myers*, 97 F.3d at 95; *see also*

*Leggett v. Williams*, 277 F. App'x 498, 500, 2008 WL 1984271 (5th Cir. 2008) (holding

that the plaintiff's claim that his property was confiscated and destroyed as an act of

retaliation for his status as a writ writer was barred by the *Parratt/Hudson* doctrine).

In addition, with regard to Jensen's visitation privileges, it is well settled that

inmates have no absolute constitutional right to receive visits while in prison.  *See*

*McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.), *cert. denied*, 423 U.S. 859 (1975).

The Fifth Circuit has held repeatedly that "[v]isitation privileges are a matter subject to

the discretion of prison officials."  *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)

(quoting *McCray*, 509 F.2d at 1334); *see also Evans v. Johnson*, 808 F.2d 1427, 1428

(5th Cir. 1987); *Thorne v. Jones*, 765 F.2d 1270, 1273 (5th Cir. 1985), *cert. denied*, 475

U.S. 1016 (1986); *Lynott v. Henderson*, 610 F.2d 340, 342 (5th Cir. 1980).   Jensen

concedes that his visitation privileges were curtailed based on allegations that his wife —

who was at one point the spouse of another prisoner at the Pack Unit — attempted to send

him improper photographs.   Under these circumstances, Jensen's complaint that the

defendants interfered with his visitation privileges fails to present "a cognizable claim."

*Berry*, 192 F.3d at 508.

The remainder of Jensen's pleadings feature vague, random allegations of

retaliatory interference with mail from his wife.  Jensen's allegations of mail tampering

were litigated already and will not be addressed further.  *See Jensen v. Warden Staples, et al.*, No. 08-0866 (S.D. Tex.).  Moreover, his allegations are insufficient to make a claim of retaliation.  To state a claim of retaliation, "a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  A prisoner's personal belief that retaliation must have been the reason for the adverse action is insufficient to state a valid claim under 42 U.S.C. § 1983. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Jensen does not specifically attribute any of the mail interference to Warden Staples or Major Rice personally.  In that respect, the conclusory allegations made by Jensen are insufficient to show that Warden Staples or Major Rice had any improper retaliatory motive or personal involvement with a retaliatory adverse act where Jensen's mail was concerned.  Absent specific facts showing that Warden Staples or Major Rice had the requisite personal involvement with a constitutional violation, Jensen's complaint fails to state a claim upon which relief can be granted.  Because Jensen fails to show that any of the claims in his complaint are valid under 42 U.S.C. § 1983, this case will be dismissed.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.      The defendants' motion to dismiss (Docket No. 26) is **GRANTED**.

14

2.      The plaintiff's motion for appointment of counsel (Docket No. 30) is **DENIED**.

3.      The complaint is **DISMISSED** with prejudice as duplicative and legally frivolous for purposes of 28 U.S.C. § 1915(e)(2)(b).

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 31st day of August, 2010.

Kenneth M. Hoyt
United States District Judge